IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MELINDA D. TRIBBY, <br><br> Plaintiff, <br><br> vs. <br><br> CARLOYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | CV-13-84-RKS <br><br> **ORDER DENYING MOTION TO DISMISS** |

**I. Synopsis**

The Social Security Administration moves for dismissal of Ms. Tribby's Complaint, arguing that jurisdiction does not exist because the Complaint was not filed within 60 days of Ms. Tribby's presumptive notification of the SSA's final decision in her disability case. Ms. Tribby rebutted the presumption that she received notice in the mail, and her Complaint was filed within 60 days of her actual notice. The Motion to Dismiss is denied.

1

**II. Background**

Ms. Tribby seeks judicial review of an unfavorable disability determination by the Social Security Administration. The SSA moved to dismiss the complaint for lack of jurisdiction because it was not filed within 60 days after she is presumed to have received the SSA's notice of its final decision, which is a jurisdictional requirement under 42 U.S.C. 405(g) and (h), and 20 C.F.R. § 422.210(c). She is presumed to have received the notice five days after it was mailed unless she can make a reasonable showing to the contrary. 20 C.F.R. § 422.210(c).

The SSA contends that it mailed notice of the final, adverse decision to Ms. Tribby and her representative on September 27, 2012. Doc. 5 at 6-7. The SSA supports this contention with a declaration from a claims processor, stating that the final decision was "issued" on September 27, 2012.[1] Doc. 5-1.

Ms. Tribby filed her Complaint on October 4, 2013 – a year after she would be presumed by the regulation to have received notice of the decision. Doc. 1. Ms. Tribby argues that the presumptive receipt date does not apply because neither she nor her attorney ever received a notice of the determination in the mail, and

---

[1]Curiously, the declaration specifically avers that previous documents were mailed to Ms. Tribby and her attorney at their addresses of record, but does not actually state whether or to whom the critical final decision was mailed.

only learned of it when Ms. Tribby happened to inquire during an unrelated trip to her local Social Security office on August 21, 2013. Ms. Tribby and her attorney, Debra Upton, submitted affidavits testifying that they never received mailed notice of the final decision from the SSA, and first learned of the decision on August 21, 2013. Docs. 8-2, 8-3.

Ms. Tribby argues that she filed her Complaint within 60 days of August 21, 2013, in compliance with the jurisdiction requirements of 42 U.S.C. § 405 and the corresponding regulations. Therefore her Complaint should not be dismissed, she argues.

**III. Jurisdiction**

Ms. Tribby filed her Complaint in the Great Falls Division of the District of Montana. Doc. 1. Jurisdiction arises under 42 U.S.C. § 405(g). The parties consented to the jurisdiction of a magistrate judge. Doc. 11.

**IV. Standards**

As discussed above, a claimant seeking disability benefits under the Social Security Act must initiate a judicial action within 60 days of receipt of notice of the SSA's final determination. 20 C.F.R. 422.210(c). Also as discussed above, the claimant is presumed to receive notice five days after the notice is made. *Id*. That presumption, however comes with a caveat: ". . . unless there is a reasonable

showing to the contrary." *Id*.

**V. Analysis**

Ms. Tribby made a reasonable showing that she did not receive notice of the SSA's final decision five days after September 27, 2012, or any other time prior to August 21, 2013. Ms. Tribby's own affidavit and the highly detailed affidavit from Debra Upton, an officer of the court, are sufficient to make the showing.

The defendant argues that a plaintiff must present positive evidence of failure to receive notice, and cannot rest on mere denials. Doc. 13 at 3-4, citing *Velazquez v. Massanari*, 2002 WL 246760 (D. Neb. 2002) and *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997). These extra-jurisdictional cases are distinguishable. In *Kinash*, the plaintiff denied receiving notice but the opinion does not indicate that the plaintiff submitted his own affidavit, much less a thorough affidavit from an officer of the court like the one Ms. Tribby provided. In *Velazquez*, the plaintiff did submit an affidavit from her attorney, but it was truly a bare assertion: "the Plaintiff did not receive his copy of the Notice from the Appeals Council until October 2, 2000." *1. By contrast, Ms. Upton's affidavit details numerous specific communications that establish she was paying attention to Ms. Tribby's case and is certain she did not receive the notice. Additionally, the *Velazquez* opinion discussed the need for evidence to prove that notice came

4

*later* than the presumed date, such as a postmarked envelope. Here, Ms. Tribby argues that she never received the mailed notice at all. Aside from sworn testimony, it is unclear to the undersigned what evidence could prove Ms. Tribby did not receive an item of mail.

**VI. Conclusion**

Ms. Tribby has rebutted the presumption that she received notice of the SSA's final determination five days after its issuance on September 27, 2012. She actually received notice on August 21, 2013. Ms. Tribby filed her Complaint within 60 days of that notice, vesting the court with subject matter jurisdiction. The delay does not appear to prejudice the defendant in any way, and it is in the interest of justice to proceed to the merits of the Complaint.

It is ORDERED:

1. Defendant's Motion to Dismiss for Lack of Jurisdiction, Doc. 4, is **DENIED**.

Dated the 30th day of January, 2014.

                                             /s/ Keith Strong
                                             Keith Strong
                                             United States Magistrate Judge